IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.                                            Case No. 17-cr-20401

DR. DAVID JANKOWSKI,              Hon. Bernard A. Friedman

    Defendant.
_____/

| | |
|---|---|
| Regina R. McCullough<br>Assistant U.S. Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9618<br>regina.mccullough@usdoj.gov | Christopher A. Andreoff (P10193)<br>Jaffe, Raitt, Heuer & Weiss, P.C.<br>Attorneys for Defendant<br>27777 Franklin Road, Ste. 2500<br>Southfield, MI 48034<br>(248) 351-3000<br>candreoff@jaffelaw.com |
| Philip A. Ross<br>Assistant U.S. Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9790<br>philip.ross@usdoj.gov | Mark Kriger<br>LaRene & Kriger, PLC<br>Attorney for Defendant<br>645 Griswold, Ste. 1717<br>Detroit, MI 48226<br>(313) 967-0100<br>mkriger@sbcglobal.net |
| | Mayer Morganroth (P17966)<br>Morganroth & Morganroth PLLC<br>344 N. Old Woodward Ave., Ste. 200<br>Birmingham, MI 48009<br>(248) 864-4000<br>mmorganroth@morganrothlaw.com |

_____/

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY BY ANY GOVERNMENT EXPERT WITNESS**

4309863.v1

Defendant David Jankowski ("Defendant") by his attorneys, Christopher A. Andreoff of Jaffe, Raitt, Heuer & Weiss, P.C., Mark Kriger of LaRene & Kriger and Mayer Morganroth of Morganroth & Morganroth, PLLC, moves this Honorable Court for the entry of an order excluding from evidence at trial any testimony by any Government expert witness with respect to matters of law, legal conclusions, the existence of mens rea for the charged offenses, or any matters outside the scope of such witness' area of expertise. Defense counsel has contacted Assistant United State Attorney Regina McCullough in this matter concerning the substance of this motion and has requested concurrence in the specific relief sought herein, but such concurrence has been denied.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

/s/ Christopher A. Andreoff
Christopher A. Andreoff (P10193)
27777 Franklin Road, Ste. 2500
Southfield, MI 48034
(248) 351-3000

| LARENE & KRIGER, PLC | MORGANROTH & MORGANROTH PLLC |
|---|---|
| /s/ Mark Kriger<br>Mark Kriger (P30298)<br>645 Griswold, Ste. 1717<br>Detroit, MI 48226<br>(313) 967-0100<br>mkriger@sbcglobal.net | /s/ Mayer Morganroth<br>Mayer Morganroth (P17966)<br>344 N. Old Woodward Ave., Ste. 200<br>Birmingham, MI 48009<br>(248) 684-4000<br>mmorganroth@morganrothlaw.com |

Dated: December 28, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.

DR. DAVID JANKOWSKI,

    Defendant.

Case No. 17-cr-20401

Hon. Bernard A. Friedman

_____/

Regina R. McCullough
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9618
regina.mccullough@usdoj.gov

Philip A. Ross
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9790
philip.ross@usdoj.gov

Christopher A. Andreoff (P10193)
Jaffe, Raitt, Heuer & Weiss, P.C.
Attorneys for Defendant
27777 Franklin Road, Ste. 2500
Southfield, MI 48034
(248) 351-3000
candreoff@jaffelaw.com

Mark Kriger
LaRene & Kriger, PLC
Attorney for Defendant
645 Griswold, Ste. 1717
Detroit, MI 48226
(313) 967-0100
mkriger@sbcglobal.net

Mayer Morganroth (P17966)
Morganroth & Morganroth PLLC
344 N. Old Woodward Ave., Ste. 200
Birmingham, MI 48009
(248) 864-4000
mmorganroth@morganrothlaw.com

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY BY ANY GOVERNMENT EXPERT WITNESS

In its Discovery Notice, the government indicated that it intends to introduce trial testimony from one or more experts in areas of expertise such as Medicare billing, a physician expert, and an FBI agent who will testify as to how prescription drugs are illegally diverted. Defendant has been provided a written summary of such anticipated expert testimony. *See* Fed. R. Crim. P. 16(a)(1)(G). Nevertheless, it appears that such testimony may include testimony with respect to:

1. how the Medicare program is structured;

2. the process and documentation required for providers to enroll in the Medicare program;

3. how Medicare claims processing generally works and what is generally required for a Medicare claim to be paid (*e.g.,* the types of claims which Medicare will not pay, such as those obtained through kickbacks, and how Medicare handles such claims; and Medicare's review of claims, including audits and requests for additional documentation);

4. how an enrolled Medicare provider is informed of the program's rules and regulations and certifies to follow them; and

5. the circumstances under which certain claims would be paid under Medicare's rules and regulations, including the type of treatment that would qualify for such reimbursement, the type of patient who would qualify for such treatment, and/or the documentation required for such claims.

Any expert witnesses should not testify beyond such matters and, in particular be allowed to testify to various matters outside the proper scope of witness testimony under the Federal Rules of Evidence.

4309863.v1

## I. Matters of Law or Legal Conclusions

For example, some expert witnesses seek to testify to various matters of law or as to legal conclusions, such as which criminal or Medicare laws apply; the meaning of such laws or various terms set forth therein; what is or is not allowed under such laws; and/or whether a particular defendant violated such laws. Yet, as the Sixth Circuit Court of Appeals has made clear, it is not proper for witnesses to testify to matters of law or to legal conclusions. *See e.g., United States v. Zipkin,* 729 F.2d 384, 387 (6th Cir. 1984); *Woods v. Lecureux,* 110 F.3d 1215, 1220 (6th Cir. 1997). Rather, as the Sixth Circuit has held, "[i]t is the function of the trial judge to determine the law of the case" and "[i]t is impermissible to delegate that function to a jury through the submission of [witness] testimony on controlling legal principles." *Zipkin,* 729 F.2d at 387. Stated differently, it is not for 'witnesses to instruct the jury as to applicable principles of law, but for the judge' to do so. *Id.* Similarly, witnesses may not define legal terms for the jury. *Woods,* 110 F.3d at 1220. "Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses;" rather, "[t]he special legal knowledge of the judge makes the witnesses' testimony superfluous." *Ziplin,* 729 F.2d at 387. Thus, "'[t]he judge (or the jury as instructed by the judge) can determine equally well' the law." *Id.*

4309863.v1

Moreover, the Sixth Circuit has held that "[t]estimony offering nothing more than a legal conclusion – *i.e.*, testimony that does little more than tell the jury what result to reach – is properly excludable under the [Federal] Rules [of Evidence]." *Woods,* 110 F.3d at 1220 (relying upon the Advisory Committee Notes to Federal Rule of Evidence 704).[1] Thus, as the Sixth Circuit has recognized, it is improper for a witness to testify to the legal conclusion (or suggest) whether, "under the applicable law[,], the defendant [i]s guilty." *Zipkin,* 729 F.2d at 387.

In sum, Sixth Circuit case law makes clear that a witness is not permitted to instruct the jury on controlling legal principles as this would usurp the judge's duty to do so; neither is a witness permitted to offer any legal conclusions or opinions that would necessarily determine the defendant's guilt under the applicable law as this would usurp the jury's duty to apply such law to the evidence. *See United States v. Monus,* 128 F.3d 376, 386 (6th Cir. 1997).

---

[1] *See* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."); *id.,* Advisory Committee Notes ("The abolition of the ultimate issue rule does not lower the bar so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus[,] the question, 'Did T have capacity to make a will?' would be excluded, while the question, 'Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?' would be allowed. McCormick § 12.")

Other courts have reached similar conclusions.[2] For example, in *United States v. Wilson,* the Fourth Circuit Court of Appeals aptly explained:

> In a case involving the application of complex regulations . . . , it can be difficult for factual witnesses who are also the individuals responsible for enforcing the regulations to testify without at least referencing the legal framework which motivated and justified their activities. It can likewise be difficult for the trial court to preserve to itself the exclusive task of instructing the jury on the law while, at the same time, allowing expert witnesses to state their findings and to give their opinions on relevant questions. Nonetheless, the jury must be instructed on the law by the court and not by the witnesses. As we have explained in a similar circumstance:
>
> > Under our system, it is the responsibility – and the duty – of the court to state to the jury the meaning and applicability of the appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law.
> >
> > Under circumstances involving domestic law, this court can conceive of no circumstance which would shift this burden from the court to the jury, where the jury judgment would be influenced, if not made, on the basis of expert witness testimony which would undoubtedly follow the usual pattern of conflicting expert opinions.

---

[2] *See e.g., A.E. ex rel. Evans v. Indep. Sch. Dist. No. 25,* 936 F.2d 472, 476 (10th Cir. 1991) (holding that, while an expert may "refer to the law in expressing his or her opinion," he or she "may not state legal conclusions drawn by applying the law to the facts," and that "'[q]uestions of law are the subject of the court's instructions and not the subject of expert testimony'"); *Neives-Villanueva v. Soto-Rivera,* 133 F.3d 92, 99-100 (1st Cir. 1997) (joining the other United States Courts of Appeal that have held that the Federal Rules of Evidence prohibit witness testimony instructing the jury as to the applicable principles of law; setting forth such other cases; and underscoring that "purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge"); *In re Initial Pub. Offering Sec. Litig.,* 174 F. Supp. 2d 61, 63-64 (S.D.N.Y. 2001) (recognizing that "every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law" (*i.e.,* by testifying to legal conclusions or on matters of domestic law); setting forth such cases; and underscoring that, "while an expert may provide an opinion to help a jury or a judge to understand a particular fact, 'he may not give testimony stating ultimate legal conclusions based on those facts'").

> Permitting such testimony as to legal conclusions give cogent meaning to the 'apprehension that jurors will turn to the expert, rather than to the judge, for guidance on the applicable law.'
>
> The proffer of expert opinion in many cases raises problems difficult of resolution by the trial court, where the line must be drawn between proper expert evidence as to facts, the inferences to be drawn from those facts, and the opinions of the expert, on the one hand, and testimony as to meaning and applicability of the appropriate law, on the other hand. While sometimes difficult to discern that line, especially in the heat of trial, it nonetheless must be drawn.
>
> ... [T]o maintain properly the court's role as the sole arbiter of the applicable law, the court should have taken steps to limit those witness' testimony generally to facts of history, practices and procedures followed by them in their work, opinions based on demonstrated expertise, and similar matters, but it should not have allowed them to give opinions on what the law means or how it is interpreted.

*Wilson*, 133 F.3d 251, 265-66 (4th Cir. 1997) (citing *Adalman v. Baker, Watts, & Co.*, 807 F2d 359, 366-68 (4th Cir. 1986), which essentially recognized that expert witnesses may not "testify to the jury as to what the applicable law may mean, and what the applicable law does or does not require" or, stated differently, as to the meaning and applicability of certain laws to the conduct involved in the case (abrogated on other grounds by *Pinter v. Dahl*, 486 U.S. 622, 650 n.25 (1988)).

Particularly relevant here, *United States v. Crinel*, a health care fraud case involving home health care services, the Court held that the case required that "the jury be informed of Medicare's standards and practices with respect to home health care services" and that "qualified expert[s]" may testify to this, but only "so long as

8

the testimony does not cross 'into the realm of making legal conclusions.'" 2016 U.S. Dist. Lexis 151076, at *26-27, 32-33 (E.D. La Nov. 1, 2016). As the *Crinel* Court explained, "'[c]ourts have permitted experts to testify about the workings of Medicare systems, because the complexity of the regulations takes them beyond the ordinary understanding of jurors.'" *Id.* at *28. However, the *Crinel* Court made the following clear:

> 'In permitting these witnesses to testify, . . . the utmost care is expected that [counsel] not elicit testimony calling for a legal conclusion or opinion about Medicare law or any regulations. *In other words, each of these witnesses will not be allowed to state dispositively what the law is, and that certain actions are 'illegal.'* Neither witness has any background 'interpreting' legal requirements or Medicare guidelines; *rather, they can describe the practices and procedures with which they are familiar [and that] they believe comport with Medicare's guidelines.* To the extent [that] a limiting instruction is appropriate, the Court urges all counsel [to] confer and [to] prepare a mutually agreeable instruction which can be read . . . to the jury if and when appropriate, indicating that *the witness is not an expert in the law and the jury should not accept any testimony as correct statements or opinions of what the law is.'*

*Id.* at *29-30 (emphasis added) (adopting the reasoning of *United States v. Davis*, No. 2:15-cr-155 (E.D. La. Jan. 29, 2016), within the context of ruling on that portion of the government's motion in limine that related to Federal Rule of Evidence 704(b)).

Following these principles, the *Crinel* Court went on to grant the government's motion in limine to the extent that it sought to preclude expert testimony opining on the applicability of the Anti-Kickback Statute to the conduct

9

4309863.v1

in the case or rendering a conclusion about the legality of the defendants' conduct thereunder (*i.e.,* that the experts themselves believe that it was lawful for the defendants to make certain payments in exchange for referrals). 2016 U.S. Dist. Lexis 151076, at *31-33. The Court denied that motion, however, to the extent that it sought to preclude "experts from testifying about [the] practices and procedures with which they are familiar and which they believe do not violate the Anti-Kickback Statute" or regulations thereunder. *Id.* at *33. In so holding, the Court again explained that the "case requires that the jury be informed of Medicare's standards and practices with respect to home health care services" and that a qualified expert may testify to this, but only "so long as the testimony does not cross 'into the realm of making legal conclusions.'" *Id.* at *32-33. As the Court underscored, however, "neither the witnesses of the [g]overnment nor any [d]efendant will be allowed to state dispositively what the law is or that certain actions are illegal" or legal. *Id.*

Here, following the case law discussed above, no expert witness on behalf of the Government should be permitted to testify to any matters of law or to any legal conclusions, including with respect to which particular criminal or Medicare laws apply in this case; the meaning of such laws or various terms set forth therein; what is or is not allowed under such laws; the applicability of such laws to the conduct alleged in this case; and the legality of Defendant's alleged conduct under such

10

laws or, put another way, whether Defendant violated such laws. Further, a limiting instruction should be read to the jury, indicating that any expert witness for the Government is not an expert in the law and that the jury should not accept any testimony by such witness as a correct statement or opinion of what the law is.

## II. Defendant's Mental State or Condition

In addition, in accordance with Federal Rule of Evidence 704(b),[3] no expert witness on behalf of the Government should be permitted to state any opinion as to whether Defendant had the requisite mental state to commit the alleged health care fraud or to give any testimony that is the "functional equivalent" of such an opinion. In *United States v. Cooper,* another health care fraud case, the Court granted the defendants' motion in limine to exclude any government expert witness from testifying that any of the defendants' Medicare billing activities constituted "fraud" or were "fraudulent" on the ground that such testimony would violate Rule 704(b) by improperly leading the jury to conclude that the defendants acted with the requisite intent to defraud. 286 F. Supp. 2d 1283, 1293-95 (D. Kan 2003). In so holding, the *Cooper* Court implicitly rejected the government's argument that

---

[3] *See* Fed. R. Evid. 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.")

4309863.v1

Rule 704(b) only bars "a direct statement that the defendant did or did not have the required mental state." *Id.* The Court reasoned as follows:

> The term 'fraud' is a legally specialized term which tracks the statutory and common-law language of the intent elements of the offenses with which the defendants are charged. When an expert witness opines that a defendant's activity is fraudulent, the witness expressly draws the conclusion or inference that the defendant acted with the intent to defraud. Such testimony 'does not merely provide 'the facts or opinions from which the jury could conclude or infer [that] the defendant had the requisite mental state.' Rather, if believed, this testimony would necessarily dictate the conclusion that the defendant acted with the intent to defraud. . . . '[T]his intrusion into the province of the jury is precisely the sort of testimony [that] Rule 704(b) is designed to prevent. . . .'

*Id.* at 1295.

Moreover, in *Crinel,* discussed above, the Louisiana District Court granted the government's motion in limine to the extent that it sought to preclude expert testimony directly opining on whether the defendants had the requisite mental state to commit the charged health care fraud as well as the "functional equivalent" of such testimony. 2016 U.S. Dist. Lexis 151076, at *23-31 (but denying the government's motion in limine to the extent that it sought to preclude defense experts from testifying "about practices and procedures with which they are familiar and which they believe comport with Medicare's guidelines"). As to the latter kind of testimony, the Court found that expert testimony opining that the experts themselves believed that the defendants complied with Medicare's rules or that this belief was "held broadly within the home health care industry or the

12

medical profession" was the functional equivalent of testifying that the defendants believed that their conduct complied with Medicare's rules and, thus, that the defendants lacked the requisite intent to commit health care fraud. *Id.*

Thus, in accordance with Rule 704(b) and its related case law, no expert witness on behalf of the Government should be permitted to state any opinion as to whether Defendant had the requisite intent to defraud or to give any testimony that is the "functional equivalent" of such an opinion, including any testimony that any of his alleged activities constituted "fraud" or were "fraudulent," that the expert himself or herself believes that he did not comply with Medicare's rules, and/or that this belief is one that is broadly held within the health care industry or the medical profession.

### III. Medical Matters Outside of Expertise

In similar cases, some expert witnesses have also sought to testify to various matters outside of their particular area of expertise. For example, a non-physician Medicare billing expert may seek to testify to various medical matters, such as with respect to the types of treatment that would be appropriate for a certain patient; the appropriate duration of such treatment; what a physician should do in treating a patient as eligible for care under Medicare; and/or how medical progress notes should be completed. Such a witness, however, would clearly not be qualified to render any such medical opinions. Thus, no non-physician expert

4309863.v1

witness on behalf of the Government should be permitted to testify to any medical matters, or matters requiring expert medical training and experience.

In sum, Defendant respectfully requests that this Honorable Court grant his Motion in Limine and enter an order excluding from evidence at trial any testimony by any Government expert witness with respect to matters of law, legal conclusions, the mens rea for the charged offenses, or any matters outside the scope of such witness' area of expertise.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

/s/ Christopher A. Andreoff
Christopher A. Andreoff (P10193)
27777 Franklin Road, Ste. 2500
Southfield, MI 48034
(248) 351-3000

LARENE & KRIGER, PLC

/s/ Mark Kriger
Mark Kriger (P30298)
645 Griswold, Ste. 1717
Detroit, MI 48226
(313) 967-0100
mkriger@sbcglobal.net

MORGANROTH & MORGANROTH PLLC

/s/ Mayer Morganroth
Mayer Morganroth (P17966)
344 N. Old Woodward Ave., Ste. 200
Birmingham, MI 48009
(248) 684-4000
mmorganroth@morganrothlaw.com

Dated: December 28, 2018

4309863.v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is employed by Jaffe, Raitt, Heuer & Weiss, P.C., and that on December 28, 2018, a copy of the foregoing was served on counsel of record via the Court's electronic filing system.

                                /s/ Laura A. Hunt
                                Laura A. Hunt

Dated: December 28, 2018

4309863.v1