UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                     Case No. 17-cr-20401

v

                                       Hon. Bernard A. Friedman

D-1    DR. DAVID JANKOWSKI,

    Defendant.

_____

### RESPONSE BY UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE CERTAIN TESTIMONY

    The defendant filed a motion in limine to "exclude certain testimony by any government expert witness." (R. 60) The defendant acknowledges receipt of a written summary of anticipated testimony by expert witnesses, as required by Federal Rule of Criminal Procedure 16. (Id., PgID 327) His motion fails to identify a single inadmissible line of proposed testimony in the expert witness disclosures. It remains unclear what "certain" testimony the defendant seeks to exclude.

    Without identifying any inadmissible testimony contained in disclosures, reports or exhibits, the defendant's motion seeks to exclude three general categories of testimony- legal conclusions, the defendant's mental state or condition, and medical matters outside the expertise of the witness. Since the defendant has not identified any particular testimony that should be excluded, the

1

defendant is not entitled to an order in limine. The defendant's motion should be treated as a trial brief, informing the court of legal principles that may or may not arise at trial.

    Respectfully Submitted,

    MATTHEW SCHNEIDER
    United States Attorney

    */s/Wayne F. Pratt*
    WAYNE F. PRATT
    Chief, Health Care Fraud Unit
    Assistant United States Attorney
    211 W. Fort St., Ste. 2001
    Detroit, MI 48226
    Email: wayne.pratt@usdoj.gov
    Phone: (313) 226-9583


    */s/Regina R. McCullough*
    REGINA R. McCULLOUGH
    Assistant United States Attorney
    211 W. Fort St., Ste. 2001
    Detroit, MI 48226
    Email: regina.mccullough@usdoj.gov
    Phone: (313) 226-9618


    */s/Philip A. Ross*
    PHILIP A. ROSS
    Assistant United States Attorney
    211 W. Fort St., Ste. 2001
    Detroit, MI 48226
    Email: Philip.ross@usdoj.gov
    Phone: (313) 226-9790

Dated: January 10, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                        Case No. 17-cr-20401

v

                                        Hon. Bernard A. Friedman

D-1   DR. DAVID JANKOWSKI,

    Defendant.
_____

**BRIEF IN SUPPORT OF RESPONSE BY
UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION TO
<u>EXCLUDE CERTAIN TESTIMONY</u>**

      The principal problem with a motion seeking to exclude broad categories of evidence is that admissibility of evidence under the Federal Rules of Evidence is given to the sound discretion of the trial judge, to be affirmed by the Court of Appeals unless there is an abuse of discretion. *United States v. LaVictor*, 848 F.3d 428, 440 (6th Cir. 2017)  The cases cited in the defendant's brief do not stand for the proposition that similar evidence can never be admitted in any trial.  Rather, they stand for the rule that under the facts and circumstances of those cases, it was error to admit certain evidence.  An analysis of each topic raised by the defense reveals the merits of the case-by-case approach.

      1.   Matters of law or legal conclusions.

3

As a general rule, a witness **may** offer an opinion on the "ultimate issue" to be decided by the jury. "An opinion is not objectionable just because it embraces an ultimate issue." Federal Rule of Evidence 704(a) This Rule was specifically intended to overturn the "empty rhetoric" that ultimate issue testimony will "usurp the province of the jury." *United States v. Campos*, 217 F.3d 707, 710–11 (9th Cir. 2000), quoting Advisory Committee note to Rule 704. An opinion about the defendant's "mental state" that is an "element" of a crime or a defense is the sole exception to the rule. Rule 704(b). If the defendant raises an insanity defense, an expert may not opine the defendant was "insane." If the defendant is charged with premeditated murder, an expert may not give the opinion that the defendant acted "with premeditation." *United States v. Campos,* 217 F3d at 711. (dicta)

This is a very narrow limitation. In a bank fraud case, an expert witness did not testify that the defendant acted with "intent to defraud," but did testify that a "check kite" had occurred. The check-kiting scheme involved thousands of checks disguised as normal business transactions, but the expert's opinion did not invade the province of the jury. *United States v. Winkle,* 477 F3d 407, 416-417 (6th Cir 2007)(collecting cases).

In a drug case charging possession with intent to distribute narcotics, an expert law enforcement officer testified that certain facts were "consistent with an intent to distribute." This was not error, since it left to the jury the ultimate conclusion as to whether the defendant actually possessed the requisite intent to

4

distribute, which was an element of the crime. *United States v. Combs,* 369 F3d 925, 940 (6th Cir 2004)

In a tax evasion case, an expert reviewed the defendant's books and bank records, rendering the opinion that the defendant "understated his income." This was not error. *United States v. Tarwater,* 308 F3d 494, 512-514 (6th Cir 2002). Similarly, a tax expert may be asked, in hypothetical form, if certain facts would trigger tax liability, and opine that the money "would be taxable" to the defendant. *United States v. Monus,* 128 F3d 376 (6th Cir 1997) The *Monus* court specifically limited the reach of the principal case relied on by the defense, *United States v. Zipkin*, 729 F2d 384 (6th Cir 1984):

> [the expert] did not give a legal opinion that necessarily determined the guilt of defendant or instructed the jury on controlling legal principles. He merely gave his opinion as to whether particular payments under assumed circumstances would be taxable. *United States v. Monus,* 128 F3d 376 (6th Cir 1997)

The Sixth Circuit broadly allows expert testimony in cases, as here, where doctors are charged with drug and fraud offenses. Expert testimony is admissible to prove "generally acceptable standards of medical practice for issuing prescriptions." *United States v. Kirk,* 584 F2d 773, 785 (6th Cir 1978), quoted in *United States v. Hughes,* 895 F2d 1135, 1144 (6th Cir 1990). In response to hypothetical questions, an expert may opine that certain practices, established by other evidence, are "beyond the scope of legitimate medical practice." *United States v. Hughes* at 1135.

An expert may testify about relevant state laws. An expert doctor testified that (at that time) the State of Michigan required physician's assistants to be licensed, supervised by a doctor, and doctors could not delegate the decision to prescribe controlled substances to the P.A.. The expert testified that Michigan law at that time "specifically prohibits physician's assistants from prescribing controlled substances. Mich.Stat.Ann. § 14.15(17076)(3) [M.C.L.A. § 333.17076(3)]." *United States v. Hughes* at 1144. The Sixth Circuit upheld the appropriateness of the testimony, finding it "consistent" with testimony in other cases where doctors were charged with prescribing controlled substances by illegal prescriptions. *Id.* at 1145

An expert may testify about relevant federal regulations. In the criminal prosecution of a pharmacist, a Drug Enforcement Administration investigator testified about federal regulations, and what the routine practices of pharmacists should be according to the regulations. The defendant argued that this invaded the province of the jury and provided unqualified testimony. The Sixth Circuit rejected this claim, finding that the investigator's experience qualified him to provide this testimony. *United States v. Seelig,* 622 F.2d 207, 213-214 (6th Cir 1980)(reversing conviction on other grounds)

When a bankruptcy judge testified- erroneously- that bankruptcy law did not allow interim payments to a bankruptcy receiver charged with embezzlement, and also interpreted the meaning of his order, this amounted to reversible error. *United States v. Zipkin*, 729 F2d 384 (6th Cir 1984). As noted above, this unusual fact

6

pattern does not support the broad exclusion of any and all expert testimony about whether certain practices result in improper insurance billings or illegitimate prescriptions.

The government does not intend to elicit from its witnesses any opinion that the defendant's conduct was "illegal" or "fraudulent." The government has no objection to including within the jury instructions a statement that the Court's instructions on the law control, and that any reference to laws in testimony inconsistent with the court's instructions must be disregarded. These matters can be resolved in the jury instruction conference.

2. The defendant's mental state or condition.

The defendant does not seriously suggest that the government is going to present a psychiatrist or similar expert who will opine on the defendant's mental state or condition. Rather, the defendant argues for a "functional equivalent" theory set forth in some district court opinions in other circuits. The "functional equivalence" theory appears to argue that since an expert cannot say that the defendant's conduct was "illegal," he also cannot say anything that would convey that idea to the jury. This is a rather astounding proposition, and one that has not been accepted in the Sixth Circuit.

A witness may testify using terms the court will use in its jury instructions, without providing a forbidden legal conclusion. In a perjury case, one of the elements of the offense is that the false statement was "material." The witness did

not testify that the statement was "material," which would have been a legal conclusion. Instead, the witness testified that the statement, if true, would have "assisted the grand jury's investigation," and, if false, would have "influenced, impeded or dissuaded the investigation." Those phrases were used by the court in defining "materiality" for the jury. The defense here would argue that saying the false statement "influenced or dissuaded the investigation" was the functional equivalent of testifying that the statement was "material." But the Sixth Circuit held that testifying in terms used in the court's instructions did not invade the province of the jury or amount to a legal conclusion. *United States v. Safa,* 484 F. 3d 818, 820-22 (6th Cir 2007)

> The court's instructions in this case will likely inform the jury as follows:
>
> Good faith in this context means good intentions and the honest exercise of good professional judgment as to a patient's medical needs. Good faith connotes an observance of conduct in accordance with what the doctor should reasonably believe to be proper medical practice. A defendant need not prove that he was acting in good faith; rather, the government bears the burden of proving that a defendant was not acting in good faith.
>
> In determining whether or not the defendant acted in good faith in the course of a medical practice, you may consider all of the evidence in the case which relates to that conduct, including opinion testimony.
>
> Expert testimony assists the jury in deciding whether the doctor's "conduct"

was "in accordance" with what the doctor "should reasonably believe to be proper medical practice." The average juror cannot typically determine whether the doctor objectively acted in "good faith"- in accordance with what the doctor **should** have

8

believed to be proper medical practice- without the assistance of expert testimony as to what constitutes the good faith practice of medicine.

The jury instructions are taken from the seminal Supreme Court case of *United States v. Moore,* 423 U.S. 122 (1975). In that case, a doctor wrote massive amounts of methadone to "patients" who paid cash for each additional prescription. The defendant doctor testified that, based on a British study, he prescribed large quantities of methadone to achieve a "blockade" condition in which the addict was so saturated with methadone that heroin would have no effect. The Supreme Court upheld the defendant's conviction for unlawfully prescribing controlled substances, since the doctor's prescribing was not within what he should have believed to be proper medical practice.

The defendant might oppose expert opinion that the doctor's controlled substance prescriptions were written "outside the course of legitimate medical practice," since this would be the "functional equivalent" of saying it was illegal. The expert's testimony that the defendant's prescribing was outside the good faith practice of medicine might also be challenged as the "functional equivalent" of saying it was illegal. The defendant may want all such opinions excluded. The problem with that position is that the Sixth Circuit has repeatedly- and over many years- approved such testimony. *United States v. Hughes,* 895 F2d 1135, 1144 (6th Cir 1990), and cases cited therein.

The "functional equivalence" theory is implicitly rejected by other Sixth Circuit cases as well. For example, stating that the defendant's tax return "understated his income" or that an event would "trigger tax liability" is the "functional equivalent" of saying the defendant is guilty of tax evasion. Yet these opinions have been expressly upheld as admissible. *United States v. Tarwater,* 308 F3d 494, 512-514 (6th Cir 2002); *United States v. Monus,* 128 F3d 376 (6th Cir 1997). Similarly, describing the defendant's bank transactions as "check kiting" could be characterized as the "functional equivalent" of saying they were illegal. *United States v. Winkle,* 477 F3d 407, 416-417 (6th Cir 2007). This court should reject the defendant's "functional equivalence" theory of excluding evidence.

3. Medical matters outside of expertise.

Once again, the defendant fails to identify any specific evidence that should be excluded. The defendant received thousands of pages of interview reports, in addition to expert witness disclosures. If the defendant seeks an order excluding evidence, it is incumbent on him to identify what he seeks to exclude.

The defendant argues that only doctors can render opinions on "medical matters." That is simply not the case. Lay opinion is admissible under Federal Rule of Evidence 701. A lay witness such as a social worker or therapist may offer opinions about a patient's eligibility for treatment or medical diagnosis. *United States v. Moran*, 778 F.3d 942, 966–67 (11th Cir. 2015). Since the defendant has failed to identify any particular objectionable testimony, the defendant is not entitled

10

to a pretrial order excluding some general category of evidence. As in *Moran,* it is the responsibility of the defendant to identify objectionable lay opinion testimony and raise a timely objection.

## CONCLUSION

For these reasons, the defendant's motion *in limine* should be denied, without prejudice to objecting to evidence the defendant believes is inadmissible at trial.

Respectfully Submitted,

MATTHEW SCHNEIDER
United States Attorney


/s/Wayne F. Pratt
WAYNE F. PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
Email: wayne.pratt@usdoj.gov
Phone: (313) 226-9583


/s/Regina R. McCullough
REGINA R. McCULLOUGH
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
Email: regina.mccullough@usdoj.gov
Phone: (313) 226-9618

11

*/s/Philip A. Ross*
PHILIP A. ROSS
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Email: Philip.ross@usdoj.gov
Phone: (313) 226-9790

Dated: January 10, 2019

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

*/s/ Wayne F. Pratt*
Wayne F. Pratt
Assistant United States Attorney