UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                           Criminal No. 17-CR-20401

vs.                                 HON. BERNARD A. FRIEDMAN

DAVID JANKOWSKI, et al.,

     Defendants.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE THE PARTIES' MOTIONS IN LIMINE

This matter is presently before the Court on two motions in limine – one filed by defendant Jankowski (ECF No. 60) and the other filed by the government (ECF No. 133). Response and reply briefs have been filed. (ECF Nos. 61, 134, 138). For the following reasons, the Court shall deny both motions without prejudice.

This is a health care fraud and drug diversion case. Defendant Jankowski is a licensed physician who operated Summit Medical Group, Summit Physicians Group, and Summit Visiting Physicians, all of which are implicated in the alleged scheme. Defendant is charged in the second superseding indictment with conspiracy to distribute controlled substances, conspiracy to commit health care fraud, unlawful distribution of controlled substances, and health care fraud. (ECF No. 69). The trial in this case is scheduled to begin on May 10, 2022.

The two motions in limine presently before the Court address questions of relevancy under Fed. R. Evid. 401, 402, and 403, as well as the scope of expert testimony under Fed. R. Evid. 702 and 704.

I.      **Legal Standards**

"The purpose of a motion in limine is to eliminate evidence that is clearly inadmissible for any purpose before trial."  *Wright v. Best Recovery Servs. LLC*, No. 14-CV-12476, 2015 WL 6468135, at *1 (E.D. Mich. Oct. 27, 2015) (internal quotation marks omitted).

> A district court should grant a motion to exclude evidence in limine only when [that] evidence is clearly inadmissible on all potential grounds.  In cases where that high standard is not met, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.  Denial of a motion to exclude evidence in limine does not necessarily mean that the court will admit the evidence at trial.

*Id*.

Pursuant to Fed. R. Evid. 401 and 402, only relevant evidence is admissible at trial.  However, under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

2

(d) the expert has reliably applied the principles and methods to the facts of the case.

"It is the proponent of the testimony that must establish its admissibility by a preponderance of proof." *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001). However, it is the trial judge who is ultimately responsible for ensuring the "reliability and relevancy" of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

Finally, pursuant to Rule 704(b), "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." The Sixth Circuit has explained that

> [t]he crucial inquiry is whether the expert actually refer[s] to the intent of the defendant or, instead, simply describe[s] in general terms the common practices of those who clearly do possess the requisite intent, leaving unstated the inference that the defendant, having been caught engaging in more or less the same practices, also possessed the requisite intent.

*United States v. Harris*, 393 F. App'x 314, 319 (6th Cir. 2010) (internal quotation marks omitted).

## II.    Motions in Limine

### A.    Defendant's Motion to Exclude Certain Testimony by Any Government Expert Witness

In the first motion in limine,[1] defendant Jankowski argues that the government's expert witnesses should be precluded from providing testimony at trial with respect to "matters

---

[1] This motion in limine was filed by defendant in December 2018. At that time, the trial in this case was scheduled to begin on February 12, 2019. However, various stipulations to extend the trial date and months of COVID-19-related restrictions on in-person court proceedings caused the trial to be repeatedly postponed. As indicated above, the trial date is now set for next week.

of law, legal conclusions, the existence of mens rea for the charged offenses, or any matters outside the scope of such witnesses' area of expertise." (ECF No. 60, PageID.337).  In response, the government contends that defendant "has failed to identify any particular objectionable testimony" and is "not entitled to a pretrial order excluding some general category of evidence." (ECF No. 61, PageID.348-49).

### B.   The Government's Motion to Preclude the Admission of MAPS Records

In the second motion in limine, the government seeks to preclude the admission of certain Michigan Automated Prescription System ("MAPS") records.  (ECF No. 133).  The government indicates that these documents were found by defendant or an associate following the execution of the search warrant and were "loose" in "a room that was not searched."  (*Id.*, PageID.685).  The government adds that it "does not appear that any foundational witness will establish how the reports got into the room or how it can be determined they are authentic and complete."  (*Id.*, PageID.685-86).  The government further argues that these records were not contained in defendant's own medical records and therefore cannot be used to evince his medical decision-making, intent, or good faith.  (*Id.*, PageID.686).  The government contends that the MAPS records are impermissibly irrelevant evidence of other doctors' prescribing practices, the introduction of which risks confusing the jury and wasting time.  (*Id.*; ECF No. 138, PageID.719-20).

In response, defendant argues that it was his "usual business practice to download a read-only MAPS report for each patient who scheduled a visit."  (ECF No. 134, PageID.695).  He adds that "numerous witnesses" will testify to this at trial.  (*Id.*).  Defendant explains that he intends to introduce a summary of the MAPS records to "offer a snapshot[] of [his] prescribing

practices for [Summit Visiting Physicians] patients." (*Id*., PageID.696) (emphasis omitted). Defendant therefore contends that there is no basis for exclusion before a trial witness has had the opportunity to establish a foundation and testify to the documents' authenticity. (*Id*., PageID.697).

## III. Analysis

Having reviewed the parties' briefs and relevant case law, the Court concludes that the motions in limine shall be dismissed without prejudice. Neither party has demonstrated that the challenged testimony or documents are clearly inadmissible on all potential grounds. The Court will therefore defer these evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context and on a fully developed record. The parties are advised to renew any objections prior to the introduction of the challenged evidence at trial. Accordingly,

IT IS ORDERED that defendant's motion in limine (ECF No. 60) is denied without prejudice.

IT IS FURTHER ORDERED that the government's motion in limine (ECF No. 133) is denied without prejudice.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated:  May 4, 2022                     SENIOR UNITED STATES DISTRICT JUDGE
        Detroit, Michigan