UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                                                                Criminal No. 17-CR-20401

vs.                                                                                        HON. BERNARD A. FRIEDMAN

DAVID JANKOWSKI,

     Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE,
CONDITIONAL MOTION FOR A NEW TRIAL**

     This matter is presently before the Court on defendant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, conditional motion for a new trial pursuant to Fed. R. Crim. P. 33.  (ECF No. 182).  The government has responded.  (ECF No. 191).  Defendant has not replied and the deadline for doing so has expired.  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.  For the following reasons, the Court shall deny the motion.

     On July 11, 2022, following a weeks-long jury trial before this Court, defendant was convicted on thirty counts related to the unlawful distribution of controlled substances and health care fraud.  (ECF No. 178).  In the instant motion, defendant contends that the government failed to present sufficient evidence as to (1) Counts 1 and 2, pertaining to defendant's conspiracy to unlawfully deliver controlled substances; (2) Counts 17-21, 25-26, 30-32, 39, 41-42, 45, pertaining to defendant's unlawful distribution of controlled substances to government witness Jihad Ashkar and related health care fraud charges; and (3) Counts 15-16, 23-24, 28-29, 33-37, 40, 43-44, pertaining to defendant's unlawful distribution of controlled substances to government informant Henderson Butler and related health care fraud charges.  (ECF No. 182,

PageID.2842-44).  Defendant also argues that the jury instructions "failed to conform with the specific intent requirement" recently outlined in *Ruan v. United States*, 142 S. Ct. 2370 (2022), and "were confusing to the jury."  (*Id.*, PageID.2844).

The Sixth Circuit has explained:

> "[A] defendant claiming insufficiency of the evidence bears a heavy burden." *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir.1998), *cert. denied*, 525 U.S. 1184, 119 S. Ct. 1126, 143 L. Ed. 2d 120 (1999).  In reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  The government may meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt.  *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.), *cert. denied*, 516 U.S. 926, 116 S. Ct. 328, 133 L. Ed. 2d 229 (1995).
>
> In assessing the sufficiency of the evidence, "we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir.), *cert. denied*, 512 U.S. 1243, 114 S. Ct. 2759, 129 L. Ed. 2d 874 (1994).  In reviewing a defendant's claim of insufficiency, we draw all available inferences and resolve all issues of credibility in favor of the jury's verdict.  *Maliszewski*, 161 F.3d at 1006.

*United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001).  In the present case, the Court concludes that the government has met its burden as to each of the challenged counts – any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crimes for which defendant was convicted.

Counts 1 and 2 charge defendant with "Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances" and "Health Care Fraud Conspiracy," respectively.

(ECF No. 178, PageID.2768-69).  In support of these counts, the government presented four witnesses, in addition to co-defendant Hassan Hamdan, who testified that defendant allowed Hamdan, an unlicenced medical professional, to treat patients without supervision, use pre-signed blank prescriptions to issue controlled substances, and create patient charts that defendant would later sign so that prescriptions and/or procedures would be billed under defendant's Drug Enforcement Administration registration number. (ECF No. 155, PageID.884-89, 894-900, 924-25 (testimony of Hassan Zabaibah); ECF No. 155, PageID.967, 975, 986 (testimony of Anthony Fletcher); ECF No. 165, PageID.1437-38, 1441-42, 1445, 1447 (testimony of Rita Miles); ECF No. 165, PageID.1488-1506 (testimony of Hassan Hamdan)).

The government also presented Ali Bazzi, a former pill dealer in the Warrandale area in Detroit, who testified that he had agreed to get an unnecessary shoulder surgery in exchange for oxycodone prescriptions from defendant.  (ECF No. 174, PageID.2512, 2528-32). Bazzi further testified that he and defendant agreed that Bazzi would act as a patient recruiter – soliciting patients to come into defendant's office and pay in cash for controlled substance prescriptions.  (*Id*., PageID.2532-33, 2538-39).  Bazzi added that defendant instructed him on what the recruited patients should say in order to obtain the pills and how they could avoid raising any red flags in the urinalysis screening.  (*Id*.).

Although defendant repeatedly asserted on the stand that the government's witnesses were liars and that their testimony was "false" (ECF No. 184, PageID.2914; ECF No. 185, PageID.3038, 3040, 3045, 3054, 3087), "[t]he credibility of witnesses is exclusively the province of the jury." *United States v. Bond*, 22 F.3d 662, 667 (6th Cir. 1994).  In finding

defendant guilty on Counts 1 and 2, the jury apparently concluded that the credibility of the government's witnesses outweighed that of defendant. It is not for the Court to second guess the jury's determination or reevaluate the witnesses' credibility at this time. Defendant's motion for acquittal as to Counts 1 and 2 is therefore denied.

As to the challenged drug and health care fraud counts related to Jihad Ashkar and Henderson Butler (Counts 15-21, 23-26, 28-37, 39-45), the government presented sufficient evidence to substantiate each essential element of those crimes. Government expert Dr. Daniel Berland specifically reviewed each of the relevant counts vis-a-vis Ashkar's medical charts and found that defendant had issued him medically unnecessary prescriptions. (ECF No. 173, PageID.2352, 2356-61). For example, Dr. Berland stated that the issuance of those prescriptions was inappropriate "[n]ot just from the standpoint of, we don't know what, if anything, is being treated, or whether or not the patient's getting better, but this combination of drugs is completely unwarranted and has never been recommended." (*Id*., PageID.2357). Dr. Berland referred to defendant's prescriptions as "[a] potentially lethal combination of drugs." (*Id.*, PageID.2358). Dr. Berland also testified to the inappropriate nature of defendant's billing practices, noting, for example, that a medical chart was completed and signed by a mid-level practitioner, but then billed to defendant. (*Id*., PageID.2363). Dr. Berland further stated that defendant's billing did not square with the sparse medical analysis in some of the charts. (*Id*., PageID.2364-65).

As to the Henderson Butler-related counts, defendant takes issue with the fact that Butler's prescriptions were signed by one of defendant's mid-level practitioner's, Hangman Ruan, rather than defendant himself. (ECF No. 182, PageID.2843-44). At trial, however, the government entered as an exhibit a letter written to defendant by Ruan that expressed Ruan's

concern with the nature and amount of controlled substances being prescribed.  (ECF No. 191, PageID.3444).  Further, defendant repeatedly testified that he was the "gatekeeper" within his medical practice, supervising all mid-level practitioners and controlled substance prescriptions.  (ECF No. 185, PageID.3156-57).  The Court also instructed the jury that "to find defendant, David Jankowski, guilty of . . . unlawful distribution by prescribing controlled substances or Health Care Fraud, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped someone else to commit the crime."  (ECF No. 186, PageID.3290).

Viewing the evidence in the light most favorable to the prosecution and drawing all available inferences in favor of the jury's verdict, the Court concludes that a rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the drug distribution and health care fraud counts related to both Jihad Ashkar and Henderson Butler.  Defendant's motion for acquittal as to Counts 15-21, 23-26, 28-37, 39-45 is therefore denied.

Finally, the Court concludes that defendant has waived his challenges related to the jury instructions and motion for a new trial.  As the government notes, the challenged instruction – regarding the standard for criminal liability pursuant to *Ruan* – was provided by defense counsel.  (ECF No. 191, ECF No. 3445).  Counsel also agreed to the jury instructions in open court.  (ECF No. 184, PageID.3005-07).  "An attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course."  *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990).  Further, defendant has failed to provide any substantive arguments regarding his jury instruction challenge, but rather only mentions "fail[ure] to conform" and jury confusion in the final paragraph of his brief.

Defendant similarly only mentions his motion for a new trial in passing.  There is no discussion of this line of argument or Fed. R. Crim. P. 33 in defendant's brief beyond cursory references in the title, first paragraph, and final sentence.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Moreover, "the decision to grant or deny a motion for a new trial rests within the district court's sound discretion."  *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).  Based on the substantial evidence presented by the government at trial and defendant's lack of arguments in support of his motion for a new trial, the Court does not believe that such relief is warranted in this case.  Accordingly,

IT IS ORDERED that defendant's motion for acquittal or, in the alternative, conditional motion for a new trial (ECF No. 182) is denied.

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge

Dated:  September 12, 2022
          Detroit, Michigan