UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

DAVID JANKOWSKI,

    Defendant-Petitioner,

Case No. 17-20401
Honorable Laurie J. Michelson

**ORDER DISMISSING DEFENDANT'S MOTION FOR NEW TRIAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) [313]**

After the Sixth Circuit affirmed David Jankowski's unlawful drug distribution and health care fraud convictions, (ECF No. 305), Jankowski filed a motion titled "Defendant's motion for a new trial under Fed. R. Civ. P. 60(b)(6)." (ECF No. 313.) Jankowski sought relief from an "unfair and unjust" judgment. (*Id.* at PageID.6984.) He alleged that his due process rights were violated because, by failing to advise the jury that Jankowski's co-defendant provided perjured testimony and by failing to allow Jankowski to have redirect of his expert witness, the trial judge was biased against him. (*Id.* at PageID.6968–6976.) Jankowski also argued that the government failed to provide exculpatory information in violation of its *Brady* obligations. (*Id.* at PageID.6977–6978.) And Jankowski raised numerous evidentiary violations that he believes occurred during his trial. (*Id.* at PageID.6978–6982.)

But "Rule 60(b) is not applicable to criminal proceedings," *United States v. Diaz,* 79 F. App'x 151, 152 (6th Cir. 2003), and may not be used to disturb a criminal

sentence or conviction. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011); *see MacLloyd v. United States*, No. 24-1505, 2025 U.S. App. LEXIS 2679, at *3 (6th Cir. Feb 5, 2025) ("As a rule of civil procedure, Rule 60(b) does not apply to criminal proceedings and may not be used to disturb a criminal sentence or conviction.") (internal quotation omitted).

Thus, because Jankowski's claims are typically raised in a motion to vacate the conviction or sentence under 28 U.S.C. § 2255, the Court, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), directed Jankowski to advise the Court, in writing, by March 20, 2025, as to whether he intended his "motion for new trial" to be a motion under Federal Rule of Civil Procedure 60(b), his first § 2255 motion, or something else. (ECF No. 314.)

In response, Jankowski filed a separate motion under 28 U.S.C. § 2255. (ECF No. 316.) In the first sentence, Jankowski indicates that the motion is a "supplement to what was already submitted to this Court as a Rule 60(b) motion and to treat this prior filing, along with this present motion, and all subsequent additions, as a motion pursuant to 28 U.S.C. § 2255." (ECF No. 316, PageID.6990.) But motions cannot be "supplements." And litigants, even those proceeding *pro se*, cannot avoid page limit requirements or requirements for the filing of successive habeas petitions by simply labeling a § 2255 motion a supplement. Indeed, Jankowski's newly filed § 2255 motion already exceeds the 25-page limit. *See* E.D. Mich. LR 7.1(d)(3). And it covers the topics in the "Rule 60(b)" motion.

Thus, because motions under Federal Rule of Civil Procedure 60(b) are not the proper way to challenge a conviction in a criminal case, the time for filing a motion for new trial has passed, and Jankowski has now filed a motion under § 2255, his "motion for a new trial under Fed. R. Civ. P. 60(b)(6)" (ECF No. 313) is hereby DISMISSED.

The Court will treat ECF No. 316 as Jankowski's motion to vacate under 28 U.S.C. § 2255. He will, of course, have the opportunity to submit a reply brief, but any "subsequent additions" will be treated as a second or successive § 2255 motion.

IT IS SO ORDERED.

Dated: March 19, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE