## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,            Case No. 17-cr-20401

                               Hon. Laurie J. Michelson

v

D-1 David Jankowski, D.O.

            Defendant.

---

## MOTION FOR ENTRY OF SECOND AMENDED
## PRELIMINARY ORDER OF FOREITURE TO
## FORFEIT SUBSTITUTE PROPERTY

---

COMES NOW, Plaintiff, the United States of America, by and through the undersigned attorneys, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p)(1)(C), respectfully moves this Court to amend the First Amended Preliminary Order of Forfeiture in this case to include certain property and/or property interests of the Defendant, David Jankowski, as substitute property to satisfy the forfeiture money judgment entered against him and to correct a previously entered property description. *See* ECF No. 251.

A supporting memorandum and Affidavit of Financial Investigator (**Exhibit B**), along with a proposed order granting the requested relief, are submitted herewith.

The undersigned did not seek concurrence concerning the relief sought in the present motion because Jankowski is currently incarcerated and *pro se* in this matter.

WHEREFORE, the United States respectively requests this Court amend the First Amended Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p) to include the substitute property identified at **Exhibit A** to satisfy the forfeiture money judgment entered against him and to correct the previous description of the Silvery Lane Clinic (**Exhibit C**).

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
TX No. 24090291
211 W. Fort, Ste. 2001
Detroit, MI 48226
Tel. No. 313-226-9643
Email: Jessica.Nathan@usdoj.gov

Dated: July 24, 2025

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,          Case No. 17-cr-20401

                                Hon. Laurie J. Michelson

v

D-1 David Jankowski, D.O.,

              Defendant.

_____

**BRIEF IN SUPPORT OF MOTION FOR ENTRY OF**
**SECOND AMENDED PRELIMINARY ORDER OF FORFEITURE**

_____

The United States of America, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), hereby submits this brief in support of its Application for Entry of Second Amended Preliminary Order Forfeiture for an order forfeiting certain property and/or property interests belonging to the Defendant, David Jankowski, as substitute property, in partial satisfaction of a $35,000,000.00 forfeiture money judgment entered by the Court, because proceeds of Jankowski's criminal activity are no longer available for forfeiture, and to correct the previous description of the Silvery Lane Clinic (**Exhibit C**).

3

## BACKGROUND

On July 11, 2022, a jury found Jankowski guilty of multiple counts of (1) conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; (3) unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and (4) health care fraud, in violation of 18 U.S.C. § 1347. ECF No. 178.

On January 4, 2023, the Court ordered the imposition of a $35 million Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(a) and (p). ECF No. 213. On April 3, 2023, this Court entered a Final Order of Forfeiture for $35 million and Jankowski's forfeiture of the "Silvery Lane Clinic" (property located at 8555-8600 N. Silvery Ln., Dearborn Heights, MI) as facilitating property pursuant to 21 U.S.C. § 853(a)(2). ECF No. 238, at PageID.4498. Jankowski's $35 million forfeiture money judgment was reiterated, and the Court ordered that it "may be satisfied, to whatever extent possible, from any property owned or under the control of Jankowski." *Id.*, at PageID.4499.

On April 27, 2023, Jankowski was sentenced to 240 months imprisonment. ECF No. 253. Jankowski was also ordered to pay a $3,000.00 special assessment, $5.2 million in restitution, and the $35 million forfeiture money judgment became final. *See* ECF No. 253, at PageID.4700. The judgment incorporated by reference the First Amended Preliminary Order of Forfeiture ("First Am. Prelim. Order of Forfeiture") and included seized US currency totaling $309,044.86. *Id. See also* ECF No. 251.

The money judgment remains unsatisfied. The current balance is $34,137,095.75. As described in the Affidavit of the United States' Financial Investigator (attached as **Exhibit B**), pursuant to search warrants executed during the underlying criminal investigation, the following property, among other assets, were seized from Jankowski:

a) $291,329.01 in funds from bank account #902279157 in the name of Summit Medical Group, PLLC, at JP Morgan Chase Bank, Canton, MI;

b) $10,600.91 in funds from bank account #2931069383 in the name of Summit Medical Group, PLLC, at JP Morgan Chase Bank, Canton, MI;

c) $7,114.94 in funds from bank account #469271949 in the name of Summit Physicians Group, PLLC at JP Morgan Chase Bank, Canton, MI; and

d) $7,800.00 in U.S. Currency.

The currency was turned over to the Clerk of the Court in a Stipulated Order Authorizing Turnover for application to Jankowski's criminal monetary penalties, i.e., Jankowski's special assessment and restitution. ECF No. 260. The remaining funds were forfeited in the First Am. Prelim. Order of Forfeiture and ancillary claims remain outstanding. *See* ECF No. 251 and *United States v. Jankowski, etal.*, 23-mc-51036, ECF No. 7. Even if the United States were to prevail against all current pending claimants to the seized currency, the government may still seek up to **$33,828,050.89**[1] in substitute property to satisfy the remainder of Jankowski's forfeiture money judgment.

## I.   AMENDED DESCRIPTION OF FORFEITED PROPERTY

The Court entered the First Am. Prelim. Order of Forfeiture which included the Silvery Lane Clinic as facilitating property identified as property located at 8555-8600 N. Silvery Lane, Dearborn Heights, MI. ECF No. 251. The United States was made aware the Silvery Lane Clinic address did not correctly identify the property and that it should be

---

[1] Difference between Jankowski's current money judgment balance and the total seized US currency ($34,137,095.75 - $309,044.86 = **$33,828,050.89**).

6

corrected to: 8560 N. Silvery Ln., 8600 N. Silvery Ln., and 8668 N. Silvery Ln., Dearborn Heights, MI, with all appurtenances, improvements and attachments thereon. The property is more particularly described at **Exhibit C**.

The United States intends to provide direct notice and accordingly republish notice of its intent to dispose of the property in accordance with 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2, and other applicable rules.

## II.   AUTHORITY FOR FORFEITURE OF SUBSTITUTE PROPERTY

Once a forfeiture money judgment is entered, the United States may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to forfeit specific property belonging to the defendant having a value up to the amount of the money judgment as substitute assets. If proceeds or directly forfeitable property are unavailable, pursuant to 21 U.S.C. § 853(p), the court "shall order" the forfeiture of substitute assets up to the value of the unavailable assets. Fed. R. Crim. P. 32.2(e) authorizes the entry of an order for the forfeiture of substitute assets as follows:

> **(e)   Subsequently Located Property; Substitute Property.**
>
> > **(1)In General.** On the government's motion, the court may at any time enter an order of

forfeiture or amend an existing order of forfeiture to include property that:

**(A)** is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or

**(B)** is substitute property that qualifies for forfeiture under an applicable statute.

**(2) Procedure.** If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:

**(A)** enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and

**(B)** if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).

**(3) Jury Trial Limited.** There is no right to a jury trial under Rule 32.2(e).

Section 853(p) of Title 21 provides as follows:

**(p) Forfeiture of substitute property**

**(1) In general**

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant–

**(A)** cannot be located upon the exercise of due diligence;

**(B)** has been transferred or sold to, or deposited with, a third party;

**(C)** has been placed beyond the jurisdiction of the court;

**(D)** has been substantially diminished in value; or

**(E)** has been commingled with other property, which cannot be divided without difficulty.

**(2) Substitute property**

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

**(3) Return of property to jurisdiction**

In the case of property described in paragraph (1)(C), the court may, in addition to any other action authorized by this subsection, order the defendant to return the property to the jurisdiction of the court so that the property may be seized and forfeited.

The forfeiture of substitute assets is solely a matter for the court, not the jury. Fed. R. Crim. P. 32.2(e)(3). *See United States v. Saccoccia*, 564 F.3d 502, 507 (1st Cir. 2009) (there is no constitutional right to have the jury determine any issue relating to criminal forfeiture, so there can be no such right with respect to substitute assets). The court may amend an existing forfeiture order *at any time* to order the forfeiture of

substitute assets. Fed. R. Crim. P. 32.2(e)(1)(B) (emphasis added). Substitute assets, including real property, may be forfeited to satisfy a defendant's forfeiture money judgment. See, e.g. *United States v. Coffman*, 574 F. App'x 541, 563 (6th Cir. 2014) (real property may be forfeited as substitute assets to satisfy forfeiture money judgment). There is no nexus or tracing requirement for the forfeiture of substitute property.

The United States does not need to identify every effort that it made to locate the directly forfeitable property in order to satisfy the required showing under Section 853(p). The government may satisfy its due diligence requirement through an agent's affidavit explaining the investigation and efforts made to locate directly forfeitable property. *See United States v. Seher*, 562 F.3d 1344 (11th Cir. 2009) (finding that an affidavit from an IRS Special Agent sufficient even though it does not identify every effort the government made to obtain the directly forfeitable proceeds from a drug conspiracy). Once the Court enters the order forfeiting substitute assets, third parties have a right to contest the forfeiture by asserting a superior ownership interest in the ancillary proceeding pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(e)(2).

## III.   ADDITIONAL PROPERTY SUBJECT TO FORFEITURE

On January 4, 2023, the Court entered a Preliminary Order of Forfeiture against Jankowski imposing a forfeiture money judgment in favor of the United States in the amount of $35 million, representing the amount of proceeds obtained by Jankowski as a result of his violations of:

(1) Count 1, conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846;

(2) Counts 2, and 15-18, conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349;

(3) Counts 19-21, 23-26, and 28-32, unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); and

(4) Counts 33-37, and 39-45, health care fraud, in violation of 18 U.S.C. § 1347, of the Second Superseding Indictment.

ECF No. 213 and 253.

As set forth in the Affidavit, because of the acts and/or omissions of Jankowski, the amount of proceeds obtained by Jankowski as a result of his violations are not available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p), and therefore, forfeiture of the property and/or property interests listed at **Exhibit A** as substitute property should be ordered.

11

Accordingly, the United States requests, pursuant 21 U.S.C. § 853(g), that it be empowered to seize and/or restrain the property listed at **Exhibit A**, as substitute property, in partial satisfaction of the money judgment, and to take any other steps deemed warranted to preserve its availability for forfeiture pending the completion of the Section 853(n) ancillary proceedings. After Jankowski's interest in the substitute property is ordered forfeited, the United States will initiate proceedings necessary to protect any third-party interests in the substitute property, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(n).

## CONCLUSION

WHEREFORE, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), the United States requests the proposed Second Amended Preliminary Order of Forfeiture be entered to include the revised property description and the list of substitute property identified at **Exhibit A**.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Tel. No. 313-226-9643
Email: Jessica.Nathan@usdoj.gov
Dated: July 24, 2025          Bar No.: (TX 24090291)

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I further certify that on this date, I, or an employee from the United States Attorney's Office for the Eastern District of Michigan sent a copy of the foregoing document to the last known address of the following non-ECF user(s) by U.S. Mail:

> David Jankowski, Reg. No. 55915-039
> FCI Loretto
> PO Box 1000
> Cresson, PA 16630

s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Tel. No. 313-226-9643
Email: Jessica.Nathan@usdoj.gov

Dated: July 24, 2025          Bar No.: (TX 24090291)

## <u>INDEX OF EXHIBITS</u>

**A**         Substitute Property of the Defendant

**B**         Affidavit of Financial Investigator

**C**         Corrected Property Description of the
             Silvery Lane Clinic

# Exhibit A

# EXHIBIT A

1. Real property known and numbered as **24997 Joy Rd., Dearborn Heights, MI 48127**, with all appurtenances, improvements and attachments thereon.

   More particularly described as:

   Land situated in the City of Dearborn Heights, County of Wayne, State of Michigan, described as follows:

   Part of the Northeast 1/4 of Section 5, Town 2 South, Range 10 East, beginning at a point South 2 degrees, 12 minutes 15 seconds East, 60.02 feet from the North 1/4 corner of Section 5; thence South 2 degrees, 12 minutes, 15 seconds East 100 feet; thence North 89 degrees, 23 minutes East 100.07 feet; thence North 2 degrees, 12 minutes East 100.07 feet; thence North 2 degrees, 12 minutes 15 seconds West, 100 feet; thence South 89 degrees, 23 minutes West, 100.07 feet to the point of beginning.

   PIN No: 33-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-002

2. Real property commonly referred to as **24991 Joy Rd., Dearborn Heights, MI 48127**, with all appurtenances, improvements and attachments thereon.

   More particularly described as:

   Land situated in the City of Dearborn Heights, County of Wayne, State of Michigan, described as follows:

   That part of the Northeast 1/4 of Section 5, described as: Beginning at a point South 2 degrees, 12 minutes, 15 seconds East, 60.02 feet and North 89 degrees, 23 minutes East, 100.07 feet from the Northwest 1/4 Section 5 and proceeding; thence South 2 degrees, 12 minutes, 15 seconds East, along said line 100.00 feet; thence North 89 degrees, 23 minutes East, 60.00 feet; thence North 2 degrees, 12 minutes, 15 seconds West, 100.00 feet to the South line

of Joy Road, 120 feet wide; thence South 89 degrees, 23 minutes West, along said South line, 60.00 feet to the point of beginning.

PIN No: 33-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-001

3. Real property commonly referred to as **24987 Joy Rd., Dearborn Heights, MI 48127**, with all appurtenances, improvements and attachments thereon.

More particularly described as:

Land situated in the City of Dearborn Heights, County of Wayne, State of Michigan, described as follows:

That part of the Northeast 1/4 Section 5, described as beginning at a point on the South line of Joy Road, distant South 2 degrees, 12 minutes, 15 seconds East, 60.0 feet and North 89 degrees, 23 minutes East, 160.07 feet from the North 1/4 corner of Section 5 and proceeding; thence South 2 degrees, 12 minutes, 15 seconds East, 100.00 feet; thence North 89 degrees, 23 minutes, East 80.00 feet; thence North 2 degrees, 12 minutes, 15 seconds West, 100.00 feet to the South line of Joy Road; thence South 89 degrees, 23 minutes West, along said South line 80.00 feet to the point of beginning.

PIN No: 33-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-000

4. Real property commonly referred to as **4748 S. Ocean Blvd., 11A, Highland Beach, FL 33487**, with all appurtenances, improvements and attachments thereon.

More particularly described as:

Land situated in Palm Beach County, Florida, described as follows:

Unit No. 11A of Dalton Place Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 2951, Page 192, and all exhibits and amendments thereof,

Public Records of Palm Beach County, Florida.

PIN No: 24-43-47-09-03-001-0111

5.  Real property commonly referred to as **37550 Cherry Hill Rd.,
Westland, MI 48185**, with all appurtenances, improvements and
attachments thereon.

More particularly described as:

Land situated in the City of Westland, County of Wayne, State of
Michigan, described as follows:

PARCEL B:

Commencing at the Southeast Corner of Section 18, Town 2 South,
Range 9 East, City of Westland, Wayne County, Michigan; thence
North 89 degrees 00 minutes 00 seconds West 324.83 feet along the
South line of said Section 18 and the centerline of Cherry Hill Road
(Variable width); thence North 01 degree 17 minutes 33 seconds
East 60.00 feet; thence North 89 degrees 00 minutes 00 seconds
West 330.30 feet along the Northerly Right of Way line of Cherry
Hill Road to the Point of Beginning; thence continuing North 89
degrees 00 minutes 00 seconds West 323.73 feet along the Northerly
Right of Way of Cherry Hill Road; thence North 01 degree 17
minutes 42 seconds East 1108.70 feet; thence South 89 degrees 52
minutes 37 seconds East 319.80 feet; thence South 88 degrees 43
minutes 16 seconds East 334.24 feet; thence South 01 degree 17
minutes 33 seconds West 378.84 feet; thence North 89 degrees 00
minutes 00 seconds West 330.30 feet; thence South 01 degree 17
minutes 33 seconds West 733.13 feet to the Point of Beginning.
Being a part of the Southeast 1/4 of the Southeast 1/4 of said Section
18, Town 2 South, Range 9 East, City of Westland, Wayne County,
Michigan.

PIN No: 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-701

6.  Real property commonly referred to as **301 N. Shore, South Haven, MI 49090**, with all appurtenances, improvements and attachments thereon.

    More particularly described as:

    Land situated in the City of South Haven, County of Van Buren, State of Michigan described as:

    Lots 29 and 30, Napier's Addition to the Village (now City) of South Haven, according to the amended recorded plat thereof being a part of the South half of the North fractional half of Section 3, Town 1 South, Range 17 West, according to the Government Survey thereof.

    Also, commencing at the Northeasterly corner of Lot 29, Block 1, Dyckman and Woodman's Addition to the Village (now City) of South Haven, according to the recorded plat thereof, thence Southerly on the Easterly line of said Lot, 47 links; thence Westerly at right angles to said street to the North line of said Lot 1; thence Easterly on same to beginning, being a part of the Southwest fraction of Section 3, Town 1 South, Range 17 West, according to the Government Survey thereof.

    PIN No. 80-53-831-029-00

7.  All principal and interest funds with the Clerk of the Court for the Eastern District of Michigan credited to and in the name of David Jankowski, in Case No. 2:17-CR-50401, held in escrow from the sale of the Maple Gardens Property (ECF No. 250).

# Exhibit B

## **AFFIDAVIT**

I, Steve Bowler, being duly sworn, deposes and states as follows:

1.      Since May 2016, I have been employed as a contract financial investigator assigned to the United States Attorney's Office for the Eastern District of Michigan. Prior to accepting my contract position, I worked for 24 years as a Special Agent with the U.S. Drug Enforcement Administration (DEA), the majority of which was spent conducting complex narcotics conspiracy investigations, with strong money laundering and asset forfeiture components attached to them.

2.      As part of my current duties, I conduct financial investigations as they relate to individuals, organizations, and business that have violated federal laws, including but not limited to the tracing of assets and proceeds of their illegal activity, as well as the laundering of their proceeds in violation of Title 18 Sections 1956 and 1957.

3.      Based on my training, experience, and participation in financial investigations, I am aware that proceeds of criminal activity are often spent, hidden, or otherwise dissipated in such a way that they cannot be recovered and forfeited upon conviction of a defendant.

1

4.      The facts and information set forth in this Affidavit are known to me through my direct participation in the financial investigation of David Jankowski (Jankowski) in this matter, my review of documents and records related to the investigation and prosecution, and/or from information obtained from law enforcement officials.

5.      This Affidavit is made in support of an Application (or Motion) to Enter a Second Amended Preliminary Order of Forfeiture to Forfeit Substitute Property of David Jankowski, specifically, the property identified at **Exhibit A**. As of July 21, 2025, the property listed at **Exhibit A**, had an appraised collective value of approximately $8,000,000.00.

6.      During the original criminal investigation of Jankowski, agent and officer efforts resulted in the seizure of the following assets:

- $291,329.01 in funds from bank account #902279157 in the name of Summit Medical Group, PLLC, at JP Morgan Chase Bank, Canton, MI;
- $10,600.91 in funds from bank account #2931069383 in the name of Summit Medical Group, PLLC, at JP Morgan Chase Bank, Canton, MI;
- $7,114.94 in funds from bank account #469271949 in the name of Summit Physicians Group, PLLC at JP Morgan Chase Bank, Canton, MI; and
- $7,800.00 in U.S. Currency.

7.     The total approximate value of all specific assets previously seized in this investigation ($309,044.86) is $34,683,155.14 less than the $35,000,000.00 forfeiture money judgment.

8.     The Court entered a First Amended Preliminary Order of Forfeiture on May 9, 2023, which included among other things, the forfeiture of specific assets pursuant to 21 U.S.C. § 853(a)(2), finding that a substantial nexus existed between Jankowski's criminal violations and the specific assets, and a money judgment in the amount of $35,000,000.00. ECF No. 251. The majority of the money judgment (over $33 million dollars) remains outstanding.

9.     Evidence at the trial in this case demonstrated that Jankowski moved a significant amount of proceeds obtained as a result of the drug distribution and health care fraud conspiracies through various closely held corporations he controlled, and Jankowski spent large sums on travel, real estate, dining, alcohol, and his children among other things. Therefore, due to the acts of Jankowski, proceeds obtained as a result of the drug distribution and health care fraud conspiracies that are subject to forfeiture are no longer available.

10.    The investigation of Jankowski and his clinic practices spanned multiple years and included the efforts of numerous federal enforcement officials working in tandem. In conjunction with other government agents, I have exercised due diligence searching for proceeds of Jankowski's offenses, including, but not limited to, engaging in the following:

     a.  Trace analysis of banking and other financial records.
     b.  Searches conducted through financial and criminal databases maintained by various federal, state, and local law enforcement agencies.
     c.  Interviews of cooperating sources.
     d.  Searching databases for vehicles and other property owned by Jankowski.

11.    Despite a diligent search, with the exception of the property previously forfeited in the First Amended Preliminary Order of Forfeiture (ECF No. 251), the government has not located other assets owned by Jankowski constituting proceeds obtained as a result of a crime for which Jankowski was convicted in this criminal case.

12.    The government's investigation regarding the property listed at **Exhibit A** revealed that some of the funds used to maintain the properties are traceable to accounts in which Jankowski commingled

4

tainted and untainted funds. However, the government is unable to establish that the properties listed at **Exhibit A** constitutes property subject to direct forfeiture as 100% "proceeds" of an offense for which Jankowski was convicted.

13.   The government is able to establish the property listed at **Exhibit A** is property of Jankowski through:

   a. Title history searches of county records associated with each property.
   b. Review of the corporate records, tax returns, business accounting records, and bank records, of the corporate entities affiliated with each property.
   c. Searches of financial and criminal databases maintained by various federal, state, and local law enforcement agencies.

14.   In sum, the full amount of the proceeds obtained by Jankowski as a result of his violations have not been, and cannot be, located due to the actions of Jankowski, as well significant amount of time that has elapsed since the cessation of the criminal activity in question. Therefore, the government must rely on the substitute assets provision of 21 U.S.C. § 853(p) to forfeit the property at **Exhibit A**.

Steven C. Bowler
Litigation Financial Analyst

5

State of Michigan      )
                      )
County of Wayne      )

The foregoing instrument was subscribed to and sworn before me, V.J. Kouloumberis, by Steven C. Bowler, on July 24, 2025.

V.J. Kouloumberis, Notary Public
State of Michigan, County of Macomb
My Commission Expires: February 20, 2026
Acting in County of Wayne



6

# Exhibit C

## EXHIBIT C

Real property commonly known as: **8560 N. Silvery Lane, 8600 N. Silvery Lane, 8668 N. Silvery Lane, Dearborn Heights, MI 48127**[1]

The following described premises situated in the City of Dearborn Heights, County of Wayne and State of Michigan, to-wit:

Parcel 1:

That part of the Northeast 1/4 of Section 5, described as Beginning at a point on the North and South 1/4 line said section distant South 2 degrees 12 minutes 15 seconds East, 160.02 feet from the North 1/4 corner of Section 5 and proceeding; thence South 2 degrees 12 minutes 15 seconds East, along said line 500.70 feet; thence North 89 degrees 23 minutes East, 290.07 feet; thence North 2 degrees 12 minutes 15 seconds West. 500.70 feet; thence South 89 degrees 23 minutes West, 290.07 feet to the point of beginning, except the South 279 feet thereof.

Parcel 2:

That part of the North 1/2 of Section 5, Town 2 South, Range 10 East, City of Dearborn Heights, Wayne County, Michigan, specifically described as including Lots 38 to 54, Hawthrone Golf View Subdivision (recorded in Liber 56 of Plats, Page 62, Wayne County Records) including also the adjacent vacated street (43 feet wide) and also the East 1/2 of the adjacent vacated alley; and also including that part of the Northeast 1/4 of Section 5 described as: Beginning at a point on the North and South 1/4 line of said Section distant South 2 degrees 12 minutes 15 seconds East 381.72 feet from the North 1/4 corner of Section 5 and proceeding thence South 2 degrees 12 minutes 15 seconds East along said line 279 feet; thence North 89 degrees 23 minutes East, 290.07 feet; thence North 2 degrees 12 minutes 15 seconds West 279 feet; thence South 89 degrees

---

[1] The property at 8560 Silvery Lane is part of the Silvery Lane Medical Clinic identified where Jankowski operated his medical clinic and facilitated his drug trafficking scheme. Due to a clerical error, the 8560 Silvery Lane parcel was omitted from the original address and is now included for forfeiture.

23 minutes West, 290.07 feet to the point of beginning, except that part thereof described as: Beginning at the Northwest corner of Lot 1, Sylvia Lanes Subdivision, as recorded in Liber 77 of Plats, Pages 29 and 30, Wayne County Records and proceeding thence Northwesterly along a curve concave to the Southwest radius 30.78 feet a distance of 47.35 feet; thence South 89 degrees 39 minutes 10 seconds West 13.23 feet; thence South 2 degrees 12 minutes 15 seconds East along the North and South 1/4 Section line 30.02 feet; thence North 89 degrees 20 minutes 25 seconds East, 43.02 feet to the point of beginning; and also including the South 300 feet of that part of the Northeast 1/4 of Section 5, described as: Beginning at a point on the North line of said Section distant North 89 degrees 23 minutes East, 290.07 feet from the North 1/4 corner of Section 5 and proceeding thence North 89 degrees 23 minutes East along said North line 100.0 feet; thence South 2 degrees 12 minutes 15 seconds East, 660.70 feet; thence South 89 degrees 23 minutes West, 100.0 feet; thence North 2 degrees 12 minutes 15 seconds West 660.7 feet to the point of beginning.

Parcel ID Number: 33-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-000, 33-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-000