UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID JANKOWSKI

    Defendant.

Case No. 17-cr-20401
Hon. Laurie J. Michelson

**SECOND AMENDED PRELIMINARY ORDER OF FORFEITURE TO FORFEIT SUBSTITUTE PROPERTY**

**THIS MATTER** is before the Court as a result of a "Motion for Entry of Second Amended Preliminary Order of Forfeiture to Forfeit Substitute Property." (ECF No. 336)

On January 4, 2023, the Court entered a Preliminary Order of Forfeiture against the Defendant David Jankowski that ordered the imposition of a $35 million forfeiture money judgment pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. §§ 853(a), (p). (ECF No. 213)

On April 3, 2023, the Court entered a Final Order of Forfeiture that in addition to the $35 million forfeiture money judgment, ordered the forfeiture of real property located at 8555-8600 N. Silvery Lane,

Dearborn Heights, Michigan, the site where the Jankowski's medical clinics operated ("Silvery Lane Clinic"). (ECF No. 238) The Court ordered the proceeds received by the government from the sale of the Silvery Lane Clinic be offset against the $35 million forfeiture money judgment. *Id.*

Jankowski was sentenced on April 27, 2023, and the $35 million forfeiture money judgment became final. (*See* ECF No. 253, at PageID.4693, 4700) The First Amended Preliminary Order of Forfeiture (ECF No. 251) was incorporated by reference. (*Id.* at PageID.4700)

On July 24, 2025, the United States applied, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), to amend the First Amended Preliminary Order of Forfeiture to amend the description of the Silvery Lane Clinic as described at **Exhibit C** and include the forfeiture of substitute property identified at **Exhibit A**. (ECF No. 336)

After considering the government's Motion, the Affidavit in support of the Motion, the First Amended Preliminary Order of Forfeiture (ECF No. 251), the Final Order of Forfeiture (ECF No. 238), the Preliminary Order of Forfeiture (ECF No. 213), and the Defendant's opposition to the motion (ECF No. 344), the Court **GRANTED** the government's Motion. (ECF No. 350) The Court further finds:

2

- A significant balance of Jankowski's forfeiture money judgment remains unpaid.
- With the exception of the property previously forfeited, proceeds of Jankowski's conspiracy to distribute and possession with intent to distribute controlled substances, conspiracy to commit health care fraud, unlawful distribution of controlled substances, and health care fraud, are not available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 835(p). Specifically, as a result of the acts and omissions of Jankowski, as described in the government's application, property that is subject to forfeiture cannot be located by the government upon the exercise of due diligence, has been transferred to a third party, and has been commingled with other property that cannot be divided.
- Pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 835(p)(2), the United States is entitled to an order forfeiting other property of Jankowski as a substitute for the unavailable funds ordered forfeited.

3

Accordingly, it is **HEREBY ORDERED AND ADJUDGED** that

1. The First Amended Preliminary Order of Forfeiture is hereby amended and incorporates the amended Silvery Lane Clinic property description at **Exhibit C** (ECF No. 336, PageID.7172–7173).

2. The First Amended Preliminary Order of Forfeiture is further amended to include the forfeiture of the Defendant David Jankowski's property and/or property interests identified at Exhibit A ("Subject Property") (ECF No. 348, PageID.7280–7282) as substitute property.

3. All right, title, and interest, of the Defendant David Jankowski is **HEREBY FORFEITED** to the United States for disposition in accordance with law, and any right, title or interest that any of the Defendant David Jankowski's heirs, successors or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED.**

4. The United States Marshal shall take any steps deemed warranted to preserve the availability of the Subject Property for

forfeiture pending the conclusion of any third-party proceedings which may be conducted in this matter pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2.

5. The United States shall initiate proceedings necessary to protect any third-party interests in the Subject Property, pursuant to and in accordance with 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. The United States shall publish notice of this Order and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant David Jankowski and Defendant David Jankowski's heirs, successors or assigns, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in

accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third-party files a timely petition before the expiration of the period provided at 21 U.S.C. § 853(n)(2), then this Second Amended Preliminary Order of Forfeiture shall become the Final

Order of Forfeiture and the United States shall have clear title to the Subject Property as provided at 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

8. If a third-party files a timely petition for ancillary hearing regarding the Subject Property, the Court will enter a final order of forfeiture by amending this Second Amended Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

9. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED.**

Dated: September 18, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

# EXHIBIT A

1. Real property known and numbered as **24997 Joy Rd., Dearborn Heights, MI 48127**, with all appurtenances, improvements and attachments thereon.

    More particularly described as:

    Land situated in the City of Dearborn Heights, County of Wayne, State of Michigan, described as follows:

    Part of the Northeast 1/4 of Section 5, Town 2 South, Range 10 East, beginning at a point South 2 degrees, 12 minutes 15 seconds East, 60.02 feet from the North 1/4 corner of Section 5; thence South 2 degrees, 12 minutes, 15 seconds East 100 feet; thence North 89 degrees, 23 minutes East 100.07 feet; thence North 2 degrees, 12 minutes East 100.07 feet; thence North 2 degrees, 12 minutes 15 seconds West, 100 feet; thence South 89 degrees, 23 minutes West, 100.07 feet to the point of beginning.

    PIN No: 33-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-002

2. Real property commonly referred to as **24991 Joy Rd., Dearborn Heights, MI 48127**, with all appurtenances, improvements and attachments thereon.

    More particularly described as:

    Land situated in the City of Dearborn Heights, County of Wayne, State of Michigan, described as follows:

    That part of the Northeast 1/4 of Section 5, described as: Beginning at a point South 2 degrees, 12 minutes, 15 seconds East, 60.02 feet and North 89 degrees, 23 minutes East, 100.07 feet from the Northwest 1/4 Section 5 and proceeding; thence South 2 degrees, 12 minutes, 15 seconds East, along said line 100.00 feet; thence North 89 degrees, 23 minutes East, 60.00 feet; thence North 2 degrees, 12 minutes, 15 seconds West, 100.00 feet to the South line

8

of Joy Road, 120 feet wide; thence South 89 degrees, 23 minutes West, along said South line, 60.00 feet to the point of beginning.

PIN No: 33-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-001

3. Real property commonly referred to as **24987 Joy Rd., Dearborn Heights, MI 48127**, with all appurtenances, improvements and attachments thereon.

   More particularly described as:

   Land situated in the City of Dearborn Heights, County of Wayne, State of Michigan, described as follows:

   That part of the Northeast 1/4 Section 5, described as beginning at a point on the South line of Joy Road, distant South 2 degrees, 12 minutes, 15 seconds East, 60.0 feet and North 89 degrees, 23 minutes East, 160.07 feet from the North 1/4 corner of Section 5 and proceeding; thence South 2 degrees, 12 minutes, 15 seconds East, 100.00 feet; thence North 89 degrees, 23 minutes, East 80.00 feet; thence North 2 degrees, 12 minutes, 15 seconds West, 100.00 feet to the South line of Joy Road; thence South 89 degrees, 23 minutes West, along said South line 80.00 feet to the point of beginning.

   PIN No: 33-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-000

4. Real property commonly referred to as **4748 S. Ocean Blvd., 11A, Highland Beach, FL 33487**, with all appurtenances, improvements and attachments thereon.

   More particularly described as:

   Land situated in Palm Beach County, Florida, described as follows:

   Unit No. 11A of Dalton Place Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R.

Book 2951, Page 192, and all exhibits and amendments thereof, Public Records of Palm Beach County, Florida.

PIN No: 24-43-47-09-03-001-0111

5.  Real property commonly referred to as **37550 Cherry Hill Rd., Westland, MI 48185**, with all appurtenances, improvements and attachments thereon.

    More particularly described as:

    Land situated in the City of Westland, County of Wayne, State of Michigan, described as follows:

    PARCEL B:

    Commencing at the Southeast Corner of Section 18, Town 2 South, Range 9 East, City of Westland, Wayne County, Michigan; thence North 89 degrees 00 minutes 00 seconds West 324.83 feet along the South line of said Section 18 and the centerline of Cherry Hill Road (Variable width); thence North 01 degree 17 minutes 33 seconds East 60.00 feet; thence North 89 degrees 00 minutes 00 seconds West 330.30 feet along the Northerly Right of Way line of Cherry Hill Road to the Point of Beginning; thence continuing North 89 degrees 00 minutes 00 seconds West 323.73 feet along the Northerly Right of Way of Cherry Hill Road; thence North 01 degree 17 minutes 42 seconds East 1108.70 feet; thence South 89 degrees 52 minutes 37 seconds East 319.80 feet; thence South 88 degrees 43 minutes 16 seconds East 334.24 feet; thence South 01 degree 17 minutes 33 seconds West 378.84 feet; thence North 89 degrees 00 minutes 00 seconds West 330.30 feet; thence South 01 degree 17 minutes 33 seconds West 733.13 feet to the Point of Beginning. Being a part of the Southeast 1/4 of the Southeast 1/4 of said Section 18, Town 2 South, Range 9 East, City of Westland, Wayne County, Michigan.

    PIN No: 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-701

**6.** All principal and interest funds with the Clerk of the Court for the Eastern District of Michigan credited to and in the name of David Jankowski, in Case No. 2:17-CR-50401, held in escrow from the sale of the Maple Gardens Property (ECF No. 250).

# EXHIBIT C

Real property commonly known as: **8560 N. Silvery Lane, 8600 N. Silvery Lane, 8668 N. Silvery Lane, Dearborn Heights, MI 48127**[1] The following described premises situated in the City of Dearborn Heights, County of Wayne and State of Michigan, to-wit:

Parcel 1:

That part of the Northeast 1/4 of Section 5, described as Beginning at a point on the North and South 1/4 line said section distant South 2 degrees 12 minutes 15 seconds East, 160.02 feet from the North 1/4 corner of Section 5 and proceeding; thence South 2 degrees 12 minutes 15 seconds East, along said line 500.70 feet; thence North 89 degrees 23 minutes East, 290.07 feet; thence North 2 degrees 12 minutes 15 seconds West. 500.70 feet; thence South 89 degrees 23 minutes West, 290.07 feet to the point of beginning, except the South 279 feet thereof.

Parcel 2:

That part of the North 1/2 of Section 5, Town 2 South, Range 10 East, City of Dearborn Heights, Wayne County, Michigan, specifically described as including Lots 38 to 54, Hawthrone Golf View Subdivision (recorded in Liber 56 of Plats, Page 62, Wayne County Records) including also the adjacent vacated street (43 feet wide) and also the East 1/2 of the adjacent vacated alley; and also including that part of the Northeast 1/4 of Section 5 described as: Beginning at a point on the North and South 1/4 line of said Section distant South 2 degrees 12 minutes 15 seconds East 381.72 feet from the North 1/4 corner of Section 5 and proceeding thence South 2 degrees 12 minutes 15 seconds East along said line 279 feet; thence North 89 degrees 23 minutes East, 290.07 feet; thence North 2 degrees 12 minutes 15 seconds West 279 feet; thence South 89 degrees

---

[1] The property at 8560 Silvery Lane is part of the Silvery Lane Medical Clinic identified where Jankowski operated his medical clinic and facilitated his drug trafficking scheme. Due to a clerical error, the 8560 Silvery Lane parcel was omitted from the original address and is now included for forfeiture.

23 minutes West, 290.07 feet to the point of beginning, except that part thereof described as: Beginning at the Northwest corner of Lot 1, Sylvia Lanes Subdivision, as recorded in Liber 77 of Plats, Pages 29 and 30, Wayne County Records and proceeding thence Northwesterly along a curve concave to the Southwest radius 30.78 feet a distance of 47.35 feet; thence South 89 degrees 39 minutes 10 seconds West 13.23 feet; thence South 2 degrees 12 minutes 15 seconds East along the North and South 1/4 Section line 30.02 feet; thence North 89 degrees 20 minutes 25 seconds East, 43.02 feet to the point of beginning; and also including the South 300 feet of that part of the Northeast 1/4 of Section 5, described as: Beginning at a point on the North line of said Section distant North 89 degrees 23 minutes East, 290.07 feet from the North 1/4 corner of Section 5 and proceeding thence North 89 degrees 23 minutes East along said North line 100.0 feet; thence South 2 degrees 12 minutes 15 seconds East, 660.70 feet; thence South 89 degrees 23 minutes West, 100.0 feet; thence North 2 degrees 12 minutes 15 seconds West 660.7 feet to the point of beginning.

Parcel ID Number: 33-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-000, 33-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-000